IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC HOLTON,

        ORDER

       Plaintiff,

        07-cv-241-jcs[1]

    v.

CAPTAIN JAEGER, AMY MORALES,
A. MORRIS and LIZZY TEAGLE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 30, 2007, plaintiff filed this civil action under 42 U.S.C. § 1983, contending that he was denied due process with regard to a prison disciplinary hearing.  On May 15, 2007, Judge John C. Shabaz entered an order dismissing the case because plaintiff failed to state a claim under the Fourteenth Amendment.  In the order, Judge Shabaz stated that under <u>Zinermon v. Burch</u>, 439 U.S. 113 (1990), plaintiff had adequate state post deprivation remedies including administrative remedies, a state petition for a writ of habeas corpus and a state court action for damages.  On June 6, 2007, plaintiff filed a notice of

---

[1] Because Judge Shabaz has taken senior status, I am assuming jurisdiction over this case for the purpose of issuing this order.

1

appeal of the dismissal.  On April 3, 2008, the Court of Appeals for the Seventh Circuit affirmed Judge Shabaz's decision, explaining that because plaintiff was challenging the length of his sentence, his appropriate remedy was to file a petition for a writ of habeas corpus and not a civil action under § 1983.

Now, almost two years since his case was closed in this court, plaintiff has filed a motion to set aside the judgment.  In his motion, plaintiff says that he has not been able to "seek damages in federal court under 42 U.S.C. § 1983" and that it was error to conclude that he has adequate state court remedies.

Fed. R. Civ. P. 60(b) allows a litigant to bring a motion for relief no later than one year from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or misconduct by an opposing party.  Plaintiff's motion cannot be considered a motion under this rule because he has not alleged any of these grounds and hje filed the motion more than a year after the entry of judgment.

Also under Rule 60(b), a litigant can file a motion within a reasonable time for the following grounds: (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Plaintiff

2

has not alleged any of these grounds.  Instead, he attempts to re-argue the merits of his case by persisting that he be allowed to seek damages in a § 1983 action.  Because plaintiff has not given any reasons for reopening this case, his motion must be denied.

In a separate motion, plaintiff asks for a copy of his complaint upon reopening of this case.  Plaintiff's motion will be denied as moot because I am denying his motion to reopen.

ORDER

IT IS ORDERED that

1.  Plaintiff's motion to set aside the judgment, dkt. #14, is DENIED and

2.  Plaintiff's request for a copy of the complaint upon reopening of the case, dkt. #17, is DENIED as moot.

Entered this 11th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3